IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| EDUARDO GUERRERO | § | Civil Action No. 5:24-cv-00108 |
| --- | --- | --- |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | **COMPLAINT** |
| LOWE'S COMPANIES, INC. and | § | |
| LOWE'S HOME CENTERS, LLC | § | |
| *Defendant* | § | **Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff, Eduardo Guerrero, and files his Original Complaint against Defendant Lowe's Companies, Inc. and Defendant Lowe's Home Centers, LLC. In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
### PARTIES

1.1 Plaintiff, Eduardo Guerrero, is a citizen of San Antonio, Bexar County, Texas.

1.2 Defendant, Lowe's Companies, Inc. is a corporation with its principal place of business in Wilkesboro, Wilkes County, North Carolina. Lowe's Companies is the Defendant who owned, operated, controlled, and managed the premises where Plaintiff Guerrero was injured. As evidenced by the location of the incident described below, Lowe's Companies conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas. Lowe's Companies may be served with process by serving

its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA.

1.3	Defendant, Lowe's Home Centers, LLC is a limited liability company with its principal place of business in Wilkesboro, Wilkes County, North Carolina. Lowe's Home Centers, LLC is the Defendant who owned, operated, controlled, and managed the premises where Plaintiff Guerrero was injured. As evidenced by the location of the incident described below, Lowe's Home Centers conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas. Lowe's Home Centers may be served with process by serving its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA.

## II.
### VENUE AND JURISDICTION

2.1	This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00. Plaintiff is a citizen of Texas. Lowe's Companies, Inc. is organized under the laws of the State of North Carolina and maintains its principal place of business in the State of North Carolina. Lowe's Home Centers, LLC is a limited liability company organized under the laws of the State of North Carolina and is a wholly-owned subsidiary of its only member, Lowe's Companies, Inc., which is a citizen of the State of North Carolina.

2.2.	The Court has specific personal jurisdiction over the Defendants because they purposefully directed their activities toward the State of Texas and have

purposefully availed themselves of the privileges and benefits of conducting business in the State of Texas. Further, the claims made in this lawsuit arise foreseeably from the activities that Defendants purposefully directed toward Texas. Specifically, this action arises foreseeably from Defendants' conduct following their purposeful choice to open and maintain a business in Texas for commercial purposes, and their failure to exercise ordinary care while doing so. Defendants should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the claims made in the lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with their conducting of business in Texas and their tortious activities in Texas, and this Court's personal jurisdiction in this action arises from that nexus. The Defendants created the contacts with Texas, and purposefully availed themself of the benefits and privileges of conducting activities within Texas. The Defendants have sufficient minimum contacts with the State of Texas to support the exercise of personal jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Texas and the claims made against them, as well as the minimum contacts purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with due process and the Texas Long Arm statute; it does not offend the traditional notions of fair play and substantial justice and is neither unfair nor unreasonable.

2.3     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas.  Specifically, the incident giving rise to this lawsuit occurred in Bexar

County Texas, which is located in the in the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(1).

## III.
### BACKGROUND FACTS

3.1    On March 8, 2023, Plaintiff Guerrero visited Lowe's store #1155, located at 7901 Callaghan Road, San Antonio, Texas 78229 ("Premises") for the specific purpose of purchasing products held out for sale to the public by Defendants. Defendant Lowe's Companies, Inc. and/or Defendant Lowe's Home Centers, LLC owned, occupied, controlled, managed, and/or exercised or assumed responsibility for the Premises. At the time of the accident, Mr. Guerrero was loading peat moss onto a cart in the outdoor garden center when an improperly stored metal pipe fell from an overhead rack and struck him on his head. As a result of the incident, Plaintiff suffered severe injuries.

3.2    At the time of the incident, the Premises where the incident occurred was owned and/or controlled by Defendant Lowe's Companies, Inc. and/or Defendant Lowe's Home Centers, LLC.

## CAUSES OF ACTION AGAINST DEFENDANTS

## IV.
### NEGLIGENCE

4.1    Defendant Lowe's Companies, Inc. and/or Defendant Lowe's Home Centers, LLC committed acts of omission and commission, collectively and severally, constituting negligence, and that negligence proximately caused the incident in question and Plaintiff's damages.

4.2.    Defendant Lowe's Companies, Inc. and/or Defendant Lowe's Home Centers, LLC owed a duty to Plaintiff to exercise ordinary care to keep the Premises in a

reasonably safe condition as to prevent unnecessary injury to customers, including Plaintiff. Defendants also owed a duty to all invitees on the Premises, including Plaintiff (who was on the premises for the express purpose of purchasing products that Defendants sold to members of the public), to use ordinary care in maintaining and inspecting the Premises and making repairs, installations, and modifications in such a manner that the serious risk of harm posed on the Premises would be reduced or eliminated. Defendants' acts and/or omissions of negligence include, without limitation, one or more of the following:

a) Failing to perform a proper inspection or inspections of the Premises;
b) Failing to properly manage and maintain the Premises;
c) Failing to properly train employees and/or agents in the proper manner and method of installing, inspecting, maintaining, and/or repairing the Premises, including proper storage of steel pipes;
d) Failing to post signs or warnings on the Premises;
e) Failing to inspect, supervise, and/or analyze the storage of the pipes on the Premises in a reasonable way;
f) Failing to properly store steel pipes;
g) Failing to use ordinary care in keeping the Premises in a reasonably safe condition.

4.3  Each of the above acts and/or omissions constitutes negligence, and each was a proximate cause of the incident that makes the basis of this suit and a proximate cause of the injuries and damages sustained by Plaintiff and that will, in reasonable probability, be sustained by Plaintiff in the future.

## V.
### PREMISES LIABILITY

5.1     In addition or in the alterative, at the time of the incident, Defendant Lowe's Companies, Inc. and/or Defendant Lowe's Home Centers, LLC owned, occupied, and/or otherwise controlled the premises where the incident occurred.

5.2     Plaintiff was on the premises at the express or implied invitation of the Lowes and entered the premises as a member of the public for a purpose for which the premises are held open to the public or for a purpose connected with the business of the possessor that does or may result in their mutual economic benefit. As such, Plaintiff was an invitee on the premises at the time of the incident.

5.3     A condition of the premises posed an unreasonable risk of harm, and Defendants knew or reasonably should have known of the danger.

5.4     Defendants failed to exercise ordinary care to protect Plaintiff from the danger by both failing to adequately warn him of the condition and failing to make that condition reasonably safe.

5.5     Defendants' failure to use ordinary care proximately caused the incident in question and Plaintiff's injuries and damages.

## **DAMAGES**

## VI.
### ACTUAL DAMAGES

6.1.    As a result of the subject incident, Plaintiff has suffered in the past, and will in reasonable probability suffer in the future, damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses.  Those damages were proximately caused by the negligence of the Defendants.

## VII.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VIII.
### CONDITIONS PRECEDENT

8.1     Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein and to Defendants' liability have been performed, have occurred and/or have been waived.

## IX.
### JURY DEMAND

9.1     Plaintiff requests a trial by jury and tenders the requisite fee.

**PRAYER AND CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for his actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Dated: January 30, 2024

Respectfully submitted,

WATTS GUERRA, LLP
875 E. Ashby Place
Suite 1200
San Antonio, Texas 78212
Telephone: (210) 447-0500
Facsimile: (210) 447-0501

By: /s/ *Lance P. Kimbro*
Francisco Guerra IV
State Bar No. 00796684
fguerra@wattsguerra.com
JORGE L. MARES
State Bar No. 24087973
jmares@wattsguerra.com
LANCE P. KIMBRO
State Bar No. 24124779
lkimbro@wattsguerra.com

and

JOSEPH ACEVEDO
State Bar. No. 00829820
joseph@josephacevedolaw.com
THE LAW OFFICE OF JOSEPH ACEVEDO
1700 Buena Vista St.
San Antonio, Texas 78207
Telephone: 210.227.9797
Facsimile: 210.227.9796

**ATTORNEYS FOR PLAINTIFF**